FILED
JUN 2 4 2009
CLERK

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| TINA MOTTA, | ) | CIV. 08-5061-RHB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER AFFIRMING |
| | ) | ADMINISTRATIVE LAW JUDGE |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner, Social | ) | |
| Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff was overpaid Social Security disability benefits in the amount of $71,175.60. Plaintiff sought a waiver of the overpayment, but the Administrative Law Judge (ALJ) denied plaintiff's request. Plaintiff seeks judicial review of the ALJ's decision. This Court has jurisdiction pursuant to 42 U.S.C. § 405(g).

## STANDARD OF REVIEW

The decision of the ALJ must be upheld if it is supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g); Metz v. Shalala, 49 F.3d 374, 376 (8th Cir. 1995) (citing Sullies v. Shalala, 25 F.3d 601, 603 (8th Cir. 1994), cert. denied, 573 U.S. 1076, 115 S. Ct. 722, 130 L. Ed. 2d 627 (1995)); Smith v. Shalala, 987 F.2d 1371, 1373 (8th Cir. 1993). Substantial evidence is less than a preponderance, but enough evidence that a

reasonable mind might find it adequate to support the conclusion. Fines v Apfel, 149 F.3d 893 (8th Cir. 1998) (citing Oberst v. Shalala, 2 F.3d 249, 250 (8th Cir. 1993)). See also Shannon v. Chater, 54 F.3d 484, 486 (8th Cir. 1995) (citing Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed. 2d 842 (1971)). See also Onstead v. Sullivan, 962 F.2d 803 (8th Cir. 1992) (quoting Whitehouse v. Sullivan, 949 F.2d 1005, 1007 (8th Cir. 1991)). Review by this Court extends beyond a limited search for the existence of evidence supporting the Commissioner's decision to include giving consideration to evidence in the record which fairly detracts from the decision. Brockman v. Sullivan, 987 F.2d 1344, 1346 (8th Cir. 1993); Locher v. Sullivan, 968 F.2d 725, 727 (8th Cir. 1992); Turley v. Sullivan, 939 F.2d 524, 528 (8th Cir. 1991).

However, the Court's role under section 405(g) is to determine whether there is substantial evidence in the record as a whole to support the decision of the Commissioner and not to reweigh the evidence or try the issues de novo. Murphy v. Sullivan, 953 F.2d 383, 384 (8th Cir. 1992). Furthermore, a reviewing court may not reverse the Commissioner's decision "merely because substantial evidence would have supported an opposite decision." Woolf v. Shalala, 3 F.3d 1210, 1213 (8th Cir. 1993); Smith v. Shalala, 987 F.2d at 1374 (citing Locher, 986 F.2d at 727 (quoting Baker v. Heckler, 730 F.2d 1147, 1150 (8th Cir. 1984))). The Court must review the Commissioner's decision to determine if an error of law has been committed. Smith v. Sullivan, 982 F.2d 308, 311 (8th Cir. 1992); Nettles v. Schweiker, 714 F.2d 833, 836 (8th Cir.

1983). The Commissioner's conclusions of law are only persuasive, not binding, on the reviewing court. Smith v. Sullivan, 982 F.2d at 311; Satterfield v. Mathews, 483 F. Supp. 20, 22 (E.D. Ark. 1979), aff'd per curiam, 615 F.2d 1288, 1289 (8th Cir. 1980). As long as the ALJ's decision is supported by substantial evidence, then this Court cannot reverse the decision of the ALJ even if the Court would have decided it differently. Smith, 987 F.2d at 1374.

## BACKGROUND

Plaintiff filed an application for Social Security disability benefits on February 7, 1994. Administrative Record (AR) 13. Plaintiff alleged disability due to asthma, commencing on September 10, 1993. Id. Benefits were awarded to both plaintiff and her three children. Id.

Not long after the commencement of benefits, plaintiff began testing her ability to work. AR 15. Plaintiff's earnings records indicate income of $13,217 in 1995; $11,661 in 1996; $17,338 in 1997; and $21,842 in 1998. Id.

On February 27, 2000, the Social Security Administration (SSA) sent plaintiff a Notice of Continuing Disability Review. AR 78. The intent of the notice was to obtain information in order to determine whether or not plaintiff was still eligible for benefits in light of the fact that she returned to work in 1996. Id. Plaintiff responded to the notice by providing the SSA with information relating to her employment. AR 79-82.

In June of 2002, the SSA determined that plaintiff's employment constituted substantial gainful activity beginning in 1996, and that her eligibility for benefits terminated in January of 1999. AR 89-91. However, due to "an agency error," plaintiff's benefits termination was not timely processed. AR 100. An SSA remark indicates that a benefits termination letter was sent to plaintiff on June 10, 2000. Id. However, no such letter is contained in the administrative record, and plaintiff denies having received such a letter. AR 15. Nevertheless, on July 30, 2002, plaintiff received notice from the SSA that she was overpaid benefits in the amount of $49,673.00. AR 211. On September 17, 2002, plaintiff received notice from the SSA that she was overpaid benefits for her children in the amount of $22,042.

On September 5, 2002, plaintiff requested a waiver of overpayment recovery. AR 92-99. Plaintiff stated that she always reported her work activity and earnings to the SSA. AR 93. Plaintiff claims that she was told by the SSA that her benefits would be adjusted based on her work activity, and that if she was receiving benefits it was because she was entitled to them, and that "everything was fine." AR 93.

Plaintiff's request for waiver was denied. AR 157. Plaintiff appealed to the ALJ. The ALJ issued an unfavorable decision on April 15, 2004. AR 238-47. Plaintiff then sought review by the Appeals Council. AR 251. The Appeals Council remanded the case back to the ALJ on March 4, 2005. AR 253-56. A second ALJ conducted a hearing

on December 7, 2005. AR 13. On May 20, 2006, the ALJ issued an unfavorable decision. The Appeals Council denied review. Plaintiff appeals that decision to this Court.

In April of 2003, plaintiff applied for reinstatement of her benefits. AR 127-29. Plaintiff's application was granted, and plaintiff's benefits were retroactively reinstated beginning in July of 2001. Thus, plaintiff was found not disabled for the period beginning in January of 1999 and continuing through June of 2001. Thereafter, plaintiff's benefits continued, and continue to this day.

## DISCUSSION

Section 204(a)(1) of the Social Security Act provides that "[w]henever the Commissioner of Social Security finds that more or less than the correct amount of payment has been made to any person under this subchapter, proper adjustment or recovery shall be made[.]" 42 U.S.C. § 204(a)(1). Section 204(a)(1)(A) of the Act directs the Commissioner to "decrease any payment under this subchapter to which such overpaid person is entitled, or require such overpaid person or his estate to refund the amount in excess of the correct amount[.]" 42 U.S.C. § 204(a)(1)(A). Section 204(b) of the Act limits the effect of this section by providing that "there shall be no adjustment of payments to, or recovery by the United States from, any person who is without fault if such adjustment or recovery would defeat the purpose of this subchapter or would be against equity and good conscience." 42 U.S.C. § 204(b).

Plaintiff does not dispute that she was overpaid benefits, and she does not dispute that the amount of the overpayment was $71,175.60. Thus, the only issue in this case is whether or not plaintiff was without fault in accepting the overpayment. If plaintiff was without fault, then the SSA may recover the overpayment only if such recovery would not defeat the purposes of the Social Security Act or would not be against equity and good conscience. If plaintiff was not without fault, the SSA is authorized to recover the overpayment in its entirety pursuant to 42 U.S.C. § 204(a).

Federal regulations define "without fault" as it is used in § 204(b):

> Fault as used in without fault . . . applies only to the individual. Although the Administration may have been at fault in making the overpayment, that fact does not relieve the overpaid individual . . . from whom the Administration seeks to recover the overpayment from liability for repayment if such individual is not without fault. In determining whether an individual is at fault, the [SSA] will consider all pertinent circumstances, including the individual's age and intelligence, and any physical, mental, educational, or linguistic limitations . . . the individual has. What constitutes fault . . . on the part of the overpaid individual . . . depends upon whether the facts show that the incorrect payment to the individual . . . resulted from:
> (a) An incorrect statement made by the individual which he knew or should have known to be incorrect; or
> (b) Failure to furnish information which he knew or should have known to be material; or
> (c) With respect to the overpaid individual only, acceptance of a payment which he either knew or could have been expected to know was incorrect.

20 C.F.R. § 404.507.

Plaintiff bears the burden of establishing that she was without fault with respect to the overpayment. Coulston v. Apfel, 224 F.3d 897, 900 (8th Cir. 2000). The without-fault inquiry is a factual determination that must be upheld if supported by substantial evidence in the record as a whole. Id.

The ALJ found that plaintiff was not without fault in accepting the overpayments, and that, consequently, a waiver of recovery was not warranted. The ALJ further found that plaintiff was not entirely credible. Plaintiff contends that the ALJ erred in three ways: 1) by improperly basing his decision on a letter from the SSA that does not exist; 2) by improperly disregarding plaintiff's reliance upon statements from official sources within the SSA; and 3) by improperly disregarding plaintiff's cognitive and mental limitations. These issues will be addressed in turn.

A.  Benefits Termination Letter

As previously noted, the SSA claims that a benefits termination letter was sent to plaintiff on June 10, 2000. Plaintiff contends that she received no such letter, and the letter is not part of the administrative record of this case. The only reference to this letter in the record is a remark in an internal SSA document. AR 100.

Plaintiff argues that the ALJ relied upon this letter in finding that plaintiff was not without fault, but the Court sees no such reliance. On the contrary, the ALJ noted plaintiff's testimony that she never received the letter, and acknowledged that the

record did not include a copy of the letter. AR 17, 18. Plaintiff points to a line from the ALJ's decision wherein he stated that plaintiff "acknowledges notification of cessation with the June 10, 2000 notice." AR 16. However, in light of the fact that the ALJ specifically noted plaintiff's testimony that she never received the letter, this reference to the benefits cessation letter appears more to be an error in opinion writing rather than an error of law. See Benskin v. Bowen, 830 F.2d 878, 883 (8th Cir. 1987) (a deficiency in opinion writing is not grounds for reversal).

Aside from this example, plaintiff is unable to identify any other evidence that the ALJ based his decision upon the benefits termination letter. Instead, as the decision makes clear, the ALJ based his ruling on the fact that plaintiff "knew or should have known she was not entitled to disability benefits for the period relevant to this overpayment matter[.]" AR 19. The ALJ supported this conclusion by noting numerous inconsistencies in plaintiff's testimony, which culminated in a finding that plaintiff was not entirely credible. AR 15-20. The ALJ also found noteworthy the Notice of Continuing Disability Review sent on February 27, 2000, which plaintiff admits receiving. AR 16. The notice explicitly states that the SSA is "checking to see if [plaintiff] can still receive Social Security disability checks" because "[plaintiff] returned to work in 1996." AR 78. This notice, standing alone, constitutes substantial evidence that plaintiff was not without fault in accepting the overpayments, because it put

plaintiff on notice that her employment may have rendered her ineligible for disability benefits, and she continued to work after receiving such notice. As the ALJ noted, plaintiff continued to receive benefits, "despite the fact that she had been grossing an average of $1,500 per month for more than 36 months, and was earning three times more than she ever had earned before." AR 18. Under federal regulations, plaintiff cannot be without fault if she accepted a payment that she "could have been expected to know was incorrect." 20 C.F.R. § 404.507. Based on the notice she received in February of 2000, and the fact that she continued substantial gainful activity, plaintiff could have been expected to know that she was not entitled to further disability benefit payments.

B.  **Reliance on Statements from SSA Officials**

Plaintiff contends that she relied upon statements from SSA officials which led her to believe she was entitled to all payments she had received, including the overpayments. In light of the ALJ's finding that plaintiff was not entirely credible, which is supported by substantial evidence and shall be affirmed, plaintiff's self-serving representations as to what she was told by SSA officials are unreliable, as they cannot be corroborated in any way. See Pearsall v. Massanari, 274 F.3d 1211, 1218 (8th Cir. 2001) ("The credibility of a claimant's subjective testimony is primarily for the ALJ to decide, not the courts."). As such, the Court finds this issue to be without merit.

C.   **Plaintiff's Mental and Cognitive Limitations**

Plaintiff contends that the ALJ failed to give proper consideration to plaintiff's mental and cognitive limitations, as is required by 20 C.F.R. § 404.507. Plaintiff states that she suffers from a number of mental disorders, including depression, anxiety, bipolar disorder, and suicidal ideation. AR 298, 321, 328. Plaintiff also suggests that she has limited intelligence. AR 81. Plaintiff argues that these limitations, if properly considered by the ALJ, render her without fault in accepting the disability overpayments. The Court does not agree.

To begin with, the ALJ's adverse credibility finding calls into question the veracity of plaintiff's representations as to her mental and cognitive abilities. Simply put, plaintiff's statements about her intellectual ability are not reliable in light of the ALJ's finding that plaintiff is not entirely credible. This finding was supported by substantial evidence, and therefore cannot be overturned, even if the Court would have reached a different conclusion were it the finder of fact.

Second, the ALJ expressly stated that he "considered all relative factors indicated under 20 C.F.R. § 404.507," which includes an evaluation of plaintiff's intelligence and cognitive limitations. While the ALJ may not have discussed this issue to the extent desired by plaintiff, that alone does not constitute reversible error, because "an ALJ is not required to discuss all the evidence submitted, and an ALJ's failure to cite specific

evidence does not indicate that it was not considered." Craig v. Apfel, 212 F.3d 433, 436 (8th Cir. 2000) (citing Black v. Apfel, 143 F.3d 383, 386 (8th Cir. 1998)).

Finally, the ALJ directly addressed plaintiff's argument on this issue, and found that plaintiff had "no limited aptitude regarding her ability to handle financial matters, nor in her ability to contact and discuss pertinent matters with the [SSA]." AR 19. Thus, the ALJ properly evaluated plaintiff's mental and cognitive abilities, and found that plaintiff was not so limited as to render her without fault in accepting the disability overpayments. The fact that the ALJ reached a conclusion plaintiff disagrees with does not mean the ALJ failed to consider relevant evidence.

## CONCLUSION

The ALJ's decision is supported by substantial evidence. None of the issues raised by plaintiff in this appeal are meritorious. Accordingly, it is hereby

ORDERED that plaintiff's motion for summary judgment (Docket #11) is denied.

IT IS FURTHER ORDERED that the ALJ's decision is affirmed in its entirety.

Dated this 24th day of June, 2009.

BY THE COURT:

RICHARD H. BATTEY
UNITED STATES DISTRICT JUDGE